LESLIE V. CHRISTY and DAISY EDNA CHRISTY, Executors under the last will and testament of James F. Sutton, deceased,

*vs.*

CARRIE S. SHARPE.

*New Castle, July* 20, 1915.

As the Orphans' Court, which has exclusive jurisdiction to order a sale of land for the payment of a decedent's debts, may adjust between devisees the order in which the several parcels of the decedent's land should be sold, and as the devisees may, under *Rev. St.* 1915, *c.* 99, §8, obtain exoneration of their parcels from the other devisees, the Court of Chancery will not entertain a bill by executors for a construction of a decedent's will and instruct them as to the method of selling lands for payment of debts; there being no direction for the sale in the will.

STATEMENT. The testator directed the payment of his debts, devised one parcel of land to the defendant, Carrie S. Sharpe, devised two others to a life tenant (now dead) with remainder to Daisy Edna Christy, made a few specific legacies of personal property, and gave "all the residue and remainder" of his property to Daisy Edna Christy above mentioned. His personal estate was appraised at $37.47. At his death he owned seven parcels of real estate, all acquired before the date of the will, and each incumbered by a mortgage made by the testator to secure a bond made by him. Of these seven parcels Carrie S. Sharpe acquired one by specific devise, and Daisy Edna Christy acquired two by specific devise and four under the residuary clause. The personal estate was insufficient for the payment of the debts, including the bonds and mortgages, and it was necessary that the real estate be sold for the payment thereof. For the complainant it was claimed that all of the seven parcels should contribute ratably to the payment of the debts; while the defendant claimed that the four parcels devised under the residuary clause, as well as the personal property, should be first sold for the payment of all the

debts, and that the parcel devised to her should be exonerated until all the residuary real estate and the personal property be exhausted.   In view of these conflicting claims the executors ask for instructions as to the method of selling the several parcels of land for the payment of the debts of the decedent.

The cause was heard on bill and answer at the election of the complainants.

*David J. Reinhardt*, for the complainants.
*William W. Knowles*, for the defendant.

THE CHANCELLOR.   The Orphans' Court has jurisdiction of the whole subject-matter involved in this cause.   It is given exclusive jurisdiction to order the sale of land of a decedent for the payment of his debts.   *Rambo v. Rumer*, 4 *Del. Ch.* 9, 15. By statute each devisee could in that cause obtain exoneration of the land devised upon payment of such debts, or portion thereof, as the court should order, and could obtain contribution from the other devisee to equalize the burden of payment of the debts disproportionately.   *Revised Code of* 1915, *c.* 99, §8, *p.* 1573.   The Orphans' Court may also adjust between the devisees the order in which the several parcels of land should be sold, having all the equitable powers necessary for the proper exercise of the jurisdiction conferred upon it.   Furthermore, it is doubtful if this court has jurisdiction to construe the will in order to instruct the executors as to the method of performing a duty not imposed by the will, viz: a sale of the land for the payment of debts.   If the executors petition the Orphans' Court for leave to sell land to pay debts of the decedent, based on the insufficiency of the personal estate, all the devisees would be made parties by service of notice of the application, and could set up the claims made here respecting the order and manner in which the several parcels should be sold.   In reaching a conclusion on that subject, the Orphans' Court would have power and jurisdiction to construe the will as fully as this court.

Under such conditions this court should not entertain jurisdiction even to construe the will, much less to instruct the

executors as to what legal position should be taken in the Orphans' Court respecting the order or method of selling the several parcels of land for the payment of the debts of the decedent, even though all the devisees are in court, and by submitting to the jurisdiction might be concluded by any decree entered in the cause.

The bill should be dismissed, the costs of the cause to be paid by the executors from the assets of the estate; but this order will not be made until after the application to the Orphans' Court has been made and determined.